IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Kenneth E. Thomas and                          Civ. No. 10-6234-AA
Kristin L. Thomas,                             OPINION AND ORDER

       Plaintiffs,

    v.

OneWest Bank, FSB, a
federally chartered savings
bank; and Regional Trustee
Services Corporation, a
Washington corporation,

       Defendants.

---

Kristian Roggendorf
O'Donnell Clark & Crew LLP
Fremont Place II, Suite 302
1650 NW Natio Parkway
Portland, Oregon 97209

Elizabeth Lemoine
Luby Law
7540 SW Hermoso Way
Tigard, Oregon 97223

Page 1 - OPINION AND ORDER

Paul B. Heatherman
Paul Heatherman, PC
P.O. Box 8
Bend, Oregon 97709
     Attorneys for plaintiffs

William L. Larkins
Danielle J. Hunsaker
Larkins Vacura LLP
621 SW Morrison Street, Suite 1450
Portland, Oregon 97205
     Attorneys for defendant OneWest Bank, FSB

AIKEN, Chief Judge:

Plaintiffs Kenneth and Kristin Thomas move to restore the preliminary injunction during the pendency of their appeal. See Fed. R. Civ. P. 62(c). For the reasons set forth below, plaintiffs' motion is granted.

## BACKGROUND

In 2005, plaintiffs took out a loan from IndyMac Bank, FSB ("IndyMac") in order to purchase a residential property (the "Property"). Pursuant to this transaction, plaintiffs executed a promissory note (the "Note") in favor of IndyMac. The Note was secured by a Deed of Trust.

In March 2009, the Federal Deposit Insurance Company sold IndyMac's assets to defendant OneWest Bank, FSB ("OneWest"). OneWest then appointed defendant Regional Trustee Services Corporation ("RTSC") as trustee of the Deed of Trust. All transactions were properly recorded in the Deschutes County Official Records.

In December 2009, plaintiffs stopped making payments under the Note. Accordingly, on March 9, 2010, RTSC recorded a Notice of Default and Election to Sell; a trustee's sale of the Property

Page 2 - OPINION AND ORDER

was scheduled for July 13, 2010.

On June 30, 2010, plaintiffs filed this action in state court. On August 5, 2010, the case was removed to this Court. On November 30, 2010, this Court granted plaintiffs' motion for a preliminary injunction.

On April 4, 2011, plaintiffs filed an amended complaint, alleging two new causes of action: 1) breach of contract; and 2) breach of the implied duty of good faith and fair dealing. In addition, plaintiffs continued to pursue claims for: 3) permanent injunctive relief; and 4) declaratory judgment. OneWest filed a motion to dismiss, but only in regard to plaintiff's newly alleged claims, as this Court had ruled previously on plaintiffs' third and fourth claims. On August 15, 2011, the Court dismissed this case in its entirety. As a result, plaintiffs' preliminary injunction was lifted.

On September 14, 2011, plaintiffs filed a notice of appeal in regard to this Court's August 15, 2011 Opinion (the "Opinion"). In conjunction with their appeal, plaintiffs filed a motion to restore the preliminary injunction.

## STANDARD

The court may restore an injunction while an appeal is pending from a final judgment that dissolves the injunction. See Fed. R. Civ. P. 62(c). In order to secure the opposing party's rights, however, the court may require a bond or equivalent measure. Id. A preliminary injunction, as a matter of equitable discretion, is an extraordinary remedy that may only be awarded upon a clear

Page 3 - OPINION AND ORDER

showing that the plaintiff is entitled to such relief. <u>Winter v. Natural Res. Def. Council, Inc.</u>, 555 U.S. 7, 24 (2008).

As such, a party seeking a preliminary injunction must demonstrate: "(1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in its favor, and (4) an injunction is in the public interest." <u>Barnett v. BAC Home Loan Servicing, L.P.</u>, 772 F.Supp.2d 1328, 1333 (D.Or. 2011) (citing <u>Winter</u>, 555 U.S. at 19). "'The elements of [this] test are balanced, so that a stronger showing of one element may offset a weaker showing of another.'" <u>Id.</u> (quoting <u>Alliance For The Wild Rockies v. Cottrell</u>, 632 F.3d 1127, 1131 (9th Cir. 2011)).

## DISCUSSION

### I. Preliminary Matter

OneWest asserts that, pursuant to Fed. R. Civ. P. 60(b), "the Court [should] vacate the [Opinion] so that the Court can make specific findings concerning its decision on plaintiffs' injunctive and declaratory relief claims." Def.'s Resp. 5.

Plaintiffs argue that this issue is not properly before the Court, as OneWest did not confer pursuant to LR 7-1(a); further, plaintiffs argue that such a request is improper because OneWest failed to file a separate Rule 60(b) motion, instead raising the issue in its response brief. <u>See</u> LR 7-1(b) ("[m]otions may not be combined with any response").

Rule 60(b) permits the court to vacate a final judgment under certain circumstances, including mistake, inadvertence, or

Page 4 - OPINION AND ORDER

for "any other reason that justifies relief." See Fed. R. Civ.
P. 60(b)(1), (6). The court's power under Rule 60(b), however,
is limited, as "filing of a notice of appeal divests the district
court of jurisdiction." Gould v. Mutual Life Ins. Co., 790 F.2d
769, 772 (9th Cir.), cert. denied, 479 U.S. 987 (1986) (citing
Scott v. Younger, 739 F.2d 1464, 1466 (9th Cir. 1984)). Thus, in
order for a district court to have jurisdiction over a Rule 60(b)
motion once an appeal is filed, the moving party must first "ask
the district court whether it wishes to entertain the motion or
to grant it, and then, if appropriate, move the Ninth Circuit to
remand the case." Richmark Corp. v. Timber, 747 F.Supp. 1409,
1411 (D.Or. 1990) (citing Gould, 790 F.2d at 772).

Here, because plaintiffs have already filed an appeal and
because OneWest did not follow the proper procedure in regard to
its Rule 60(b) motion, this Court is without jurisdiction.

Moreover, OneWest has not cited to, and this Court is not
aware of, any precedent that interprets Rule 60(b) as empowering
the court to independently make additional findings after
vacating a final judgment; rather, pursuant to Rule 60(b), the
court is limited to merely abrogating its prior order.
Therefore, even if OneWest had properly filed a Rule 60(b) motion
in accordance with LR 7-1, this Court would still be unable to
make further findings concerning plaintiffs' claims for permanent
injunctive and declaratory relief. Accordingly, OneWest's
request is denied.

Page 5 - OPINION AND ORDER

## II. Restoration of the Preliminary Injunction

Plaintiffs seek an order preventing defendants from foreclosing on the Property during the pendency of their appeal.

### A. Likelihood of Success on the Merits

Plaintiffs assert that "they are likely to win on appeal, at least in part." Pl.'s Br. 3. Specifically, plaintiffs contend that, because their claims for permanent injunctive and declaratory relief were not subject to OneWest's motion to dismiss, it was clear error for this Court to dismiss plaintiffs' entire suit sua sponte, without explanation. Id. at 3-4.

OneWest argues that, based on the case law that has developed over the past several months in this District, plaintiffs' claim for declaratory judgment will fail. Def.'s Resp. 3 (citing Beyer v. Bank of America, 2011 WL 3359938, *4-5 (D.OR. Aug. 2, 2011), Bertrand v. Suntrust Mortg., 2011 WL 1113421, *3 (D.Or. March 23, 2011), etc.). As such, OneWest asserts that plaintiffs do not have a strong likelihood of success on the substantive merits of their appeal.

While OneWest is correct that plaintiffs' claim for declaratory judgment will likely fail, I find that it was error for this Court to dismiss plaintiff's entire suit sua sponte. See Big Bear Lodging Ass'n v. Snow Summit, Inc., 182 F.3d 1096, 1105 (9th Cir. 1999) (district court decision reversed and remanded where the court dismissed a claim sua sponte "without explanation and without providing [p]laintiffs an opportunity to be heard on the issue"). Therefore, plaintiffs have a strong

Page 6 - OPINION AND ORDER

likelihood of success, at least in regard to this narrow procedural issue.

B.  Possibility of Irreparable Injury

Plaintiffs assert that they will suffer irreparable injury if their house is foreclosed upon during the pendency of this appeal, in part because of the unique nature of the Property. OneWest does not address this element in its brief.

Regardless, courts within this District have held that there is a high risk of irreparable injury where a disputed foreclosure proceeding is pending. See e.g. Barnett, 772 F.Supp.2d at 1338. Accordingly, plaintiffs have established they are likely to experience irreparable harm if a wrongful foreclosure proceeds unabated.

C.  Balance of Hardships

Plaintiffs contend that the balancing of hardships weighs in their favor. Specifically, plaintiffs argue that "[c]ontinuation of this status quo . . . avoids the irreparable harm mentioned above and does not place [OneWest] in a worse position tha[n] it had been before." Pl.'s Br. 6. In addition, plaintiffs argue that, because OneWest possesses "over $15 billion in deposits and total assets of $27 billion, . . . [a] single delayed trustee sale in Bend, Oregon is not going to bankrupt [OneWest] during the pendency of the appeal." Id.

Conversely, OneWest argues that the hardships weigh in its favor. It is undisputed that plaintiffs have not made any payments on the Property for nearly two years. It is further

Page 7 - OPINION AND ORDER

undisputed that plaintiffs have been receiving rental income from the Property. As such, OneWest contends that plaintiffs "are not entitled to retain the property free of charge while at the same time profiting . . . through receipt of rental income. For the same reason, it is unclear what harm the plaintiffs will suffer from the foreclosure proceeding." Def. Resp. 4.

While I am inclined to agree with OneWest, because the potentially wrongful loss of the Property would cause such irreparable injury and because OneWest's financial situation will remain relatively unaffected during the pendency of the appeal, I find that the balance of hardships tips in plaintiffs' favor.

D. Advancement of the Public Interest

It is undisputed that the fourth factor does not weigh in either parties' favor. See Pl.'s Br. 7, Def.'s Resp. 4-5.

Therefore, plaintiffs' preliminary injunction is hereby restored to preserve the subject matter of this litigation, as well as to preclude any further foreclosure proceedings, sale, transfer, or encumbering of the Property pending the full disposition of the appeal.

III. Security

Despite plaintiffs' assertions of financial hardship, I find that allowing plaintiffs to retain rental proceeds from the Property while they continue to delay foreclosure, despite their lack of payment on the Note in nearly two years, constitutes unjust enrichment. Therefore, plaintiffs are hereby required to post a $5000.00 bond or to pay $5000.00 into the registry of the

Page 8 - OPINION AND ORDER

Court, which is equivalent to roughly six months worth of rental income, in order to secure defendants' rights.  See Fed. R. Civ. P. 62(c) (the court may restore an injunction during the pendency of an appeal "on terms for bond or other terms that secure the opposing party's rights").

**CONCLUSION**

For the reasons stated above, plaintiffs' motion to restore the preliminary injunction on appeal (doc. 58) is GRANTED. Plaintiffs shall post a bond or make a deposit in the Court's registry, in the amount of $5000, no later than 1:00 p.m. on December 1st, 2011.

IT IS SO ORDERED.

Dated this 30 day of November, 2011.

Ann Aiken
United States District Judge