IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KENNETH E. THOMAS and
KRISTEN L. THOMAS,

       Plaintiffs,

   v.

ONEWEST BANK, FSB, a
federally chartered savings
bank, and REGIONAL TRUSTEE
SERVICES CORPORATION, a
Washington corporation,

       Defendants.

Case No. 10-cv-06234-AA
O R D E R

AIKEN, Chief Judge:

    Defendant OneWest Bank, FSB ("OneWest") moves for reconsideration of this Court's November 30, 2011 Opinion and Order, which restored plaintiffs Kenneth and Kristin Thomas' preliminary injunction and enjoined defendants from any further foreclosure proceedings pending the full disposition of this case

Page 1 — ORDER

on appeal. For the reasons set forth below, OneWest's motion is granted and this case is dismissed.

In 2005, plaintiffs took out a loan from IndyMac Bank, FSB ("IndyMac") in order to purchase a residential property. Pursuant to this transaction, plaintiffs executed a promissory note (the "Note") in favor of IndyMac. The Note was secured by a trust deed (the "Deed of Trust"), which lists IndyMac as the lender and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary.

In March 2009, OneWest acquired IndyMac's assets from the Federal Deposit Insurance Company. In December 2009, plaintiffs stopped making the requisite loan repayments, thereby materially defaulting on the Note. Accordingly, in March 2010, defendants instituted non-foreclosure proceedings. A trustee's sale was scheduled for July 13, 2010.

On June 30, 2010, plaintiffs filed this action in state court. Plaintiffs alleged, in relevant part, that MERS' designation as beneficiary in the Deed of Trust violated the Oregon Trust Deed Act ("OTDA"). OneWest thereafter removed the case to this Court. On November 30, 2010, this Court granted plaintiffs' motion for a preliminary injunction. On March 9, 2011, this Court granted Onewest's motion to dismiss plaintiffs' claims for fraud, equitable estoppel, and violations of the Unfair Trade Practices Act; OneWest's motion was denied as to plaintiffs' permanent injunctive

and declaratory relief claims.

On April 4, 2011, plaintiffs filed an amended complaint, alleging two new causes of action. In addition, plaintiffs continued to pursue their claims for injunctive and declaratory relief. OneWest filed a second motion to dismiss against plaintiffs' newly alleged claims. In its August 15, 2011 Opinion and Order (the "Opinion"), the Court dismissed this case in its entirety and dissolved plaintiffs' preliminary injunction.

On September 14, 2011, plaintiffs filed a notice of appeal. In conjunction with their appeal, plaintiffs filed a motion to restore the preliminary injunction, which this Court granted. At that time, the Court acknowledged it's error in dismissing the injunctive and declaratory relief claims sua sponte.

On February 8, 2012, pursuant to OneWest's "Rule 60 Motion for Relief from Judgment," this Court issued an indicative ruling that it would vacate the Opinion in part and reopen the case for additional briefing in order to reassess plaintiffs' claims for permanent injunctive and declaratory relief; the Ninth Circuit then ordered a limited remand on this basis. Subsequently, OneWest filed a motion to reconsider plaintiffs' restored preliminary injunction.

OneWest asserts that it "filed a judicial foreclosure action [as to the disputed property] in Deschutes County"; however, OneWest contends that it cannot rescind the non-judicial

foreclosure proceedings, which is a prerequisite to judicially foreclosing, "due to [this Court's] stay order." Def.'s Mem. in Supp. of Mot. Recons. 5-6. Accordingly, OneWest moves to lift the preliminary injunction, thereby allowing it to formally "abandon the non-judicial foreclosure [and] proceed with [the] judicial foreclosure." Id. at 6. While not explicitly stated, once the preliminary injunction is dissolved, OneWest seeks to dismiss plaintiffs' declaratory and injunctive relief claims as moot because the non-judicial foreclosure on which they are based would be cancelled and all remaining issues could be litigated pursuant to the judicial foreclosure action. Id.

Plaintiffs oppose OneWest's motion, asserting that "there is little that can be done to stop another non-judicial foreclosure."[1] Pls.' Resp. to Mot. Recons. 2. Oregon law, however, "precludes a trustee from pursuing a non-judicial foreclosure if another action has been instituted to recover the debt secured by the trust deed." McDaniel v. BAC Home Loans Servicing, LP, 2011 WL 3841588, *4 (D.Or. Aug. 29, 2011) (citing Or. Rev. Stat. § 86.735(4)). Thus, because OneWest filed an action for judicial foreclosure,

---

[1] Plaintiffs also contend that, because "OneWest Bank [is] not willing to waive issue and claim preclusion on prior rulings of this Court[,] any judicial foreclosure [action] may not be heard de novo." Pls.' Resp. to Mot. Recons. 2. Plaintiffs' assertion is difficult to decipher, in part because they do not detail how this Court's previous dispositions relate to the judicial foreclosure action filed in Deschutes County. Accordingly, the Court declines to further address this argument.

Page 4 - ORDER

plaintiffs' concerns regarding "another non-judicial foreclosure" are unfounded.

More importantly, federal courts have an independent duty to address issues of subject-matter jurisdiction before reaching the substantive merits of a claim. United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 966-67 (9th Cir. 2004) ("district court ha[s] a duty to establish subject-matter jurisdiction . . . sua sponte, whether the parties raised the issue or not"). Where subject-matter jurisdiction under Article III of the United States Constitution is absent, the action must be dismissed. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96-98 (1998).

Article III requires that federal courts preside over actual cases or controversies. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983) (per curiam). As such, "[f]ederal courts lack [subject-matter] jurisdiction to decide moot cases." Id. A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1984) (citations omitted); see also Western Oil & Gas Ass'n v. Sonoma Cnty., 905 F.2d 1287, 1290 (9th Cir. 1990) ("the mootness inquiry asks whether there is anything left for the court to do").

Here, OneWest has already initiated a judicial foreclosure action on the subject property; while defendants have not yet

rescinded their non-judicial foreclosure, they clearly intend to do so once this Court's stay is lifted. Plaintiffs can bring their theories about MERS in defending against defendants' claim for foreclosure of a security interest in state court. Accordingly, plaintiffs will not be deprived of their property without judicial scrutiny of defendants' allegedly wrongful actions.

Based on similar facts, this District has consistently held that where, as here, the non-judicial foreclosure sale gets rescinded, "any claims [premised on the non-judicial foreclosure] are rendered moot." Fisher v. Mortg. Elec. Registration Sys., Inc., 2011 WL 7024965, *2 (D.Or. Oct. 26, 2011), adopted by 2012 WL 112884 (D.Or. Jan. 12, 2012) (citing Delaney v. OneWest Bank, FSB, 2011 WL 1706735, *2 (D.Or. May 5, 2011); and Tabb v. OneWest Bank, FSB, 2011 WL 4448752, *8 (D.Or. Aug. 26, 2011)); see also McDaniel, 2011 WL 3841588 at *4. Thus, because OneWest is now pursuing judicial foreclosure, there is nothing left for this Court to do regarding plaintiffs' claims arising out of defendants' non-judicial foreclosure proceedings. Therefore, plaintiffs' injunctive and declaratory relief claims are moot and this Court lacks subject-matter jurisdiction.

Further, while not germane to the present inquiry, neither the Oregon Court of Appeals or Oregon Supreme Court have addressed whether MERS is a true beneficiary under the OTDA. Without guidance from the state's highest courts, the District of Oregon

Page 6 - ORDER

has been unable to reach a consensus regarding this issue. See Staton v. BAC Home Loans Servicing, L.P., 2012 WL 1624296, *5 (D.Or. May 5, 2012) (collecting cases).

In order to generate a solution, this Court recently certified to the Oregon Supreme Court a number of questions relating to MERS' role in the non-judicial foreclosure processes outlined in the OTDA; accordingly, all cases challenging non-judicial foreclosures based on MERS' designation as beneficiary have been stayed pending the Oregon Supreme Court's acceptance of certification and resolution of these issues. Id. at *6. Thus, even if the declaratory and injunctive relief claims were not mooted by OneWest's judicial foreclosure action, plaintiffs' claims would nonetheless remain unresolved by this Court. Accordingly, for the sake of judicial efficiency and finality, plaintiffs' contentions regarding defendants' allegedly wrongful actions are more appropriately addressed in state court pursuant to OneWest's judicial foreclosure action.

Finally, allowing defendants to proceed with judicial foreclosure and dismissing these claims as moot will not affect plaintiffs' pending appeal; their remaining claims before the Ninth Circuit are premised on different facts and do not involve the OTDA, as they are based in contract law. As such, plaintiffs' appeal will not be prejudiced if the preliminary injunction is lifted.


## CONCLUSION

OneWest's Motion for Reconsideration of Grant of Stay Pending Appeal (doc. 87) is GRANTED, contingent upon defendants' representation to this Court that they will formally rescind the non-judicial foreclosure as to the disputed property, as well as furnish proof of their judicial foreclosure action, within twenty days of the date of this order. As such, this case is DISMISSED and all pending motions are DENIED as moot, including motions 74, 77 and 81.

IT IS SO ORDERED.
Dated this 4th day of June 2012.

_____
Ann Aiken
United States District Judge